IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-20-CLC-HBG |
| | ) | |
| MARK HAZELWOOD, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the undersigned on the Government's Unopposed Motion to Correct Clerical Errors in Counts Five and Six of the Superseding Indictment (R.97) Pursuant to Federal Rule of Criminal Procedure 36 [Doc. 176], filed on April 11, 2017. The Government asks to conform a figure ($11,885.45) allegedly incorrectly stated in Counts Five and Six of the Superseding Indictment to the amount ($11,721.37) stated in Count One [Doc. 97, ¶28(h)(10)(ii)]. It maintains that the change will correct a clerical error in the Superseding Indictment and that the Defendants do not object to this correction. The Government includes a proposed revised version of the Superseding Indictment, with the changes sought, as Exhibit 3 to its Motion.

The purpose for indictment by a grand jury is "to limit [an individual's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). As noted by the

1

Government, an indictment returned by a grand jury preserves three constitutional rights held by the accused: (1) the right to fair notice of the charges, (2) the protection against double jeopardy, and (3) the right to have a grand jury find probable cause for felony charges. *Russell v. United States*, 369 U.S. 749, 763-770 (1962). In light of these protections, it is "the settled rule in in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Id.* at 770. Our appellate court has upheld an amendment of an indictment to correct a clerical error as a change that is a "matter of form." *Short v. United States*, 471 F.3d 686, 693 (6th Cir. 2006). Additionally, a defendant may waive his or her right to re-indictment by a grand jury. *Id.* at 695.

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Government argues that the amounts of $11,885.45 in Counts Five and Six are due to an "oversight" and that the Court may correct these amounts in the Superseding Indictment pursuant to Rule 36. The undersigned questions whether Rule 36 is the proper vehicle to amend the Superseding Indictment. The undersigned's review of the case law and commentary relating to Rule 36 reveals that this rule permits the court to correct its own errors in parts of the record created by the court, such as the judgment or the court's orders. *See* 3 Charles Allen Wright & Sarah Welling, *Federal Practice and Procedure* § 641 (4th ed. 2011) (observing that Rule 36 permits the court to correct clerical errors in the judgment, "to correct dates on various papers, and to correct other clerical errors of this type"). However, the Court has found no instance, nor has the

Government cited to any,[1] in which a court used Rule 36 to correct a clerical error in the charging instrument. Although Rule 36 may not be the appropriate vehicle of correction, the Court agrees with the Government that the discrepancy at issue is a clerical error and is subject to correction by order of the Court.

In the instant case, Count One of the Superseding Indictment places the Defendants on notice that Defendant Heather Jones is alleged to have emailed Brian Mosher a spreadsheet that stated the December 2011 rebate for victim JTL trucking company was $11,721.37. [See Doc. 97, ¶28(h)(10)(ii)] In Counts Five and Six, Defendant Jones is charged with wire fraud for emailing a spread sheet that lists the December 2011 rebate for JTL. Counts Five and Six list that amount as $11,885.45, which the Government states is the rebate amount for a different trucking company that appeared on that same spreadsheet. The Government contends that the amount of $11,885.45 is a clerical error, because the correct amount ($11,721.37) is apparent from the face of the Superseding Indictment. It contends that it provided in discovery to all Defendants, including Defendant Jones, copies of the emails and spreadsheets, which state $11,721.37 as the December

---

[1] None of the cases cited in the Government's motion rely upon, or even mention, Federal Rule of Criminal Procedure 36 in correcting a clerical error in the indictment. *See United States v. Rosenbaum*, 628 F. App'x 923, 929-30 (6th Cir. 2015) (affirming three amendments, one stipulated, to indictment because they were clerical errors), *cert. denied*, 136 S. Ct. 866 (2016); *United States v. Nazzal*, 607 F. App'x 451, 458 (6th Cir. 2015) (determining that discrepancy between date in the indictment and evidence presented at trial was a "was a clerical error readily apparent from the face of the indictment"); *United States v. Lake*, 985 F.2d 265, 271 (6the Cir. 1993) (determining that the court's correction of a typographical error in a citation to a statute "did not constitute an impermissible amendment of the indictment because it did not alter the charging terms"); *United States v. Field*, 875 F.2d 130, 134 (7th Cir. 1989) (affirming trial court's granting prosecution's motion to amend the indictment to include the eleventh digit of the serial number of money orders); *see also Russell v. United States*, 369 U.S. 749, 771 (1962) (holding a court may not amend indictment, except with regard to a "matter of form"); *United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004) (discussing constructive amendment of indictment by jury instructions).

2011 rebate earned by JTL. Finally, the Government points out that none of the Defendants object to the proposed correction.

The Court has reviewed the case law and the exhibits provided by the Government and finds the proposed amendment to the Superseding Indictment to be well taken. The Court finds that the change proposed by the Government does not prejudice the Defendants, who were aware of the correct amount from the allegations in Count One and from the discovery. Moreover, the Defendants, including Defendant Jones, do not object to the Government's request to correct Counts Five and Six. Accordingly, the Government's Unopposed Motion to Correct Clerical Errors in Counts Five and Six of the Superseding Indictment [**Doc. 176**] is **GRANTED**. The Court **ORDERS** that the amount $11,885.45 in Count Five and in Count Six be amended to $11,721.37. The Clerk of Court is **DIRECTED** to file the Government's Exhibit 3 [Doc. 176-3] as an Amended Superseding Indictment in this case.

**IT IS SO ORDERED.**

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge