IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CR-20 |
| ) | JUDGES COLLIER / GUYTON |
| MARK HAZELWOOD, ) | |
| SCOTT WOMBOLD, ) | |
| HEATHER JONES, and ) | |
| KAREN MANN, ) | |
| ) | |
| Defendants. ) | |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE UNTIMELY EXHIBITS**

Defendants Scott Wombold and Heather Jones ("Moving Defendants") respectfully submit this reply memorandum in further support of their Motion to Exclude Untimely Exhibits (Doc. 295) and in opposition to the Government's Response (Doc. 310).

As set out by the Government, the first factor to consider in imposing sanctions for discovery violations is the reason for the delay. (Resp. 5 (quoting *United States v. Maples*, 60 F.3d 244, 247 (6th Cir. 1995).) The Government has failed to provide sufficient reason that would constitute good cause for the majority of its late designations in this case (and, in many instances, has failed to provide any reason at all). Below is summary of each such designation:[1]

---

[1] As to the late designations on July 26, 2017 (Ex. 1) and on July 28/31, 2017 (Exs. 2, 3), Moving Defendants agree with the Government that these late designations appear to have arisen from the Government's inadvertent omission of the designated documents. Moving Defendants do not specifically seek exclusion of these belatedly-designated exhibits but included them in their Motion to demonstrate the volume of late designations by the Government. As to the late designations on August 3, 2017 (Ex. 4), although the Government still has provided no explanation for its revision of those Commission Breakdown Report Summaries, it has now revealed that it will not offer the Summaries at trial. As to the late designations on October 20, 2017, Letter 1 (Ex. 19), the Government has now clarified that those documents will not be offered for admission and instead are only demonstrative aids.

1. *August 11, 2017 designations (Ex. 6)*:[2] The only excuse offered by the Government for the untimeliness of its en masse designation of documents it had previously chosen not to designate is that the new designation was in reaction to Defendants' exhibit designations. As established in Moving Defendants' September 22 letter (Ex. 12) and in their Memorandum, exhibits intended for this purpose—to respond to Defendants' case-in-chief—are proper, if at all, only as part of a rebuttal case and thus are not properly included as a supplement to the Government's case-in-chief. Put differently, the Government has a right to make a proper rebuttal case, but not a right to ignore the case-in-chief designation deadline, in response to Defendants' case-in-chief.

As to the five specific documents newly-designated on August 11, the tardiness of that designation was explained by the Government neither at the time of designation nor in the Government's Response (other than to say that it "neglected" to designate these documents earlier).

2. *August 23, 2017 designations (Ex. 8)*, *October 17, 2017 Letter 2 designations (Ex. 17)*, and *October 18, 2017 designations (Ex. 18)*: The Government admits in its Response that it waited until months after the exhibit designation deadline to decide that these belatedly-designated photographs "would be helpful for the jury to be able to put faces with names as it absorbs document evidence" or would "facilitate their engagement with the proof." (Resp. 11, 22.) The Government offers no explanation for why it waited so long to make that decision or why the decision could not have been made before the designation deadline. Instead, the Government unilaterally opted to ignore the deadline and continued adding to its case-in-chief as if the deadline never existed.

---

[2] All exhibit citations herein are to the exhibits attached to Moving Defendants' Memorandum in Support of their Motion (Doc. 296, the "Memorandum").

3. *August 25, 2017 designations (Ex. 9)*: The Government offers no explanation of why this replacement designation was necessary or why the Government did not seek to "source" the replacement from Pilot prior to the exhibit designation deadline.

4. *August 30, 2017 designations (Ex. 11)*: The Government states that it was unaware of the need for these late designations until after it secured additional plea agreements. This explanation falls flat. If anything, the change of pleas by half of the indicted Defendants should have significantly narrowed the Government's case-in-chief exhibits. Regardless, the Government affirmatively agreed to an exhibit designation deadline that came before the plea agreement deadline; had the Government wished to preserve the prerogative to select case-in-chief exhibits based in part on information gleaned from newly-pled defendants, it should have requested a plea deadline that fell before the exhibit deadline. It did not do so and should be held to the dates it agreed to, as memorialized by an Order of this Court.

5. *September 22, 2017 Letter 1 designations (Ex. 13)*, *October 5, 2017 designations (Ex. 15)*, and *October 17, 2017 Letter 1 designations (Ex. 16)*: The Government admits that these designations were intended to correct foundational and other problems identified by Defendants in their motion to exclude the testimony of Mr. Seay. The Government's desire to rectify infirmities in its prepared exhibits once those infirmities are pointed out by Defendants is not good cause for designating corrected exhibits after the exhibit designation deadline.

6. *September 22, 2017 Letter 2 designations (Ex. 14)*: Contrary to the Government's assertion, its letter does not "plainly state[]" why these documents were being disclosed. The Government's reference to "any applicable disclosure and notice obligation[s], including but not limited to" three enumerated possibilities, is hardly a clear or direct indication of the basis for the Government's disclosure. Regardless of this lack of clarity, the more relevant point is that the

3

Government still fails to adequately explain the untimeliness of the designations. As discussed above, the Government should not be permitted to recreate its evidence every time Defendants identify weaknesses in that evidence.

7. *October 20, 2017 Letter 2 designations (Ex. 20)*: The Government designated these revised Commission Breakdown Reports once it realized that the versions it had previously designated, which were the basis for calculations in the Government's now-discarded Commission Breakdown Summaries, were non-final and therefore contained inaccurate commission amounts. Contrary to the Government's assumption as to Moving Defendants' strategy, Moving Defendants have no objection to the authenticity of the non-final commission breakdown reports; rather, Moving Defendants take issue with a Government witness's claim of particularized, personal knowledge of those reports, when he apparently was not even aware of the actually-final version of the reports. Again, however, the more relevant point is that the Government attempts to justify its late designation by contending that it could not have designated these exhibits earlier because it was unaware that it needed them; the Government's failure to fully prepare its case by the applicable deadlines, however, is hardly good cause for violating those deadlines.[3] In these instances, where the Government has given no good reason (or no reason at all) for its delay, the sanction of exclusion is warranted.

Second, these multiple late designations have undoubtedly prejudiced Defendants. The exhibit designation deadline exists for a reason—to prevent the surprise of new designations as trial draws imminent, which is precisely what is occurring here. Despite the Government's agreement to the deadline and its obligation to obey the Court's Order setting that deadline, Defendants have been forced to contend with the continual influx of new, late, and modified

---

[3] Moving Defendants maintain that the redacted portion of Exhibit 20 is not relevant to their Motion, as it does nothing to explain why, after more than five years of case development, the Government did not know previously that the versions of the reports it relied on were non-final.

4

designations while they are preparing for trial, as well as the prospect that still additional new documents will be designated (perhaps even produced for the first time) on the eve of trial. Though the Government attempts to downplay the significance of some of the individual instances of its late designations, the aggregate effect of its untimeliness has been substantial (as evidenced by the length of the Government's Response) and has certainly imposed an unfair burden on Defendants. The Government's position that its late designations caused no prejudice is without merit.[4]

Finally, Moving Defendants were surprised and disappointed to see several disparaging remarks in the Government's Response about the "tone" of Moving Defendants' communications and filings on this issue. A review of Moving Defendants' letter dated September 22 reveals its courteous and professional nature. (*See* Ex. 12 ("I wish to conclude by emphasizing that my objective herein is not to claim wrongdoing by the Government in making prior supplemental designations. Rather, it is to ensure that the Government does not make future belated supplemental designations that are prejudicial to the preparation of the defense.").) Moving Defendants' Memorandum in Support of their Motion similarly takes a firm but respectful approach, identifying the very simple truth of the issue—that the Government is required to abide by an important deadline and has not. (Doc. 296.) The Memorandum is neither dramatic nor exaggerated. It instead points out the simple truth in a tone commensurate with the importance of this issue and the gravity of the situation in which Moving Defendants find themselves. As previously stated, Moving Defendants attempted to communicate with the Government to seek a cooperative resolution of these matters, but the Government ignored those

---

[4] It is inappropriate for the Government to read anything into the fact that two of the Defendants did not join the Motion, and to imply their decision somehow indicates that the Motion lacks merit. By that logic, defense motions joined by all four Defendants should be viewed more favorably solely because they were joined in by all four Defendants—something the Government surely would not concede.

5

attempts. Tellingly, the Government has failed even in its Response to offer any explanation for some of its late exhibit designations. Those designations are unjustified and prejudicial, and they should not be permitted.

In conclusion, in light of the Government's inability to offer sufficient (or any) justification for some of its untimely designations, Moving Defendants respectfully request exclusion of the Government's exhibit designations as described in its correspondence attached as Exhibits 6, 8, 9, 11, 13, 14, 15, 16, 17, 18, and 20 to Moving Defendants' Memorandum in support of the instant Motion.

Respectfully submitted,

*/s/ John E. Kelly*
John E. Kelly (admitted *pro hac vice*)
Robert K. Platt (admitted *pro hac vice*)
BASS, BERRY & SIMS PLC
1201 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20004
Telephone: (202) 827-2750
jkelly@bassberry.com
rplatt@bassberry.com

*/s/ Eli Richardson*
Eli Richardson (BPR #: 023443)
David Rivera (BPR #: 024033)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone: (615) 742-7825
erichardson@bassberry.com
david.rivera@bassberry.com

*/s/ Annie T. Christoff*
Annie T. Christoff (BPR #: 026241,
   admitted *pro hac vice*)
BASS, BERRY & SIMS PLC
100 Peabody Place, Suite 1300
Memphis, TN 38103

Telephone: (901) 543-5939
achristoff@bassberry.com

***Attorneys for Defendant Scott Wombold***

*/s/ Benjamin J. Vernia (with permission)*
BENJAMIN J. VERNIA
ANDREW K. MURRAY
The Vernia Law Firm
1455 Pennsylvania Avenue NW, Suite 400
Washington, DC 20004
bvernia@vernialaw.com
amurray@vernialaw.com

CULLEN WOJCIK
The Law Office of Cullen M. Wojcik
422 S. Gay Street, Suite 302
Knoxville, TN 37902
wojciklaw@gmail.com

***Attorneys for Defendant Heather Jones***

# CERTIFICATE OF SERVICE

I hereby certify that, on November 2, 2017, a true and correct copy of the foregoing document was filed electronically with the U.S. District Court for the Eastern District of Tennessee. Notice of this filing was served via the Court's electronic filing system on all counsel listed below:

Benjamin J. Vernia
(bvernia@vernialaw.com)
Andrew K. Murray
(amurray@vernialaw.com)
THE VERNIA LAW FIRM
1455 Pennsylvania Ave., NW, Ste 400
Washington DC 20004

Cullen Michael Wojcik
(wojciklaw@gmail.com)
LAW OFFICE OF CULLEN M. WOJCIK
422 S. Gay Street, Suite 302
Knoxville, TN 37902
   *Attorneys for Defendant Jones*

Jonathan D. Cooper
(cooper@knoxdefense.com)
WHITT, COOPER, TRANT & HEDRICK
607 Market Street, Suite 1100
Knoxville, TN 37902

Sara E. Compher-Rice (sara@tndui.com)
OBERMAN & RICE
550 West Main Avenue, Suite 730
Knoxville, TN 37902-2567
   *Attorneys for Defendant Mann*

Anthony Douglas Drumheller
(adrumheller@rustyhardin.com),
Derek S. Hollingsworth
(dhollingsworth@rustyhardin.com),
Jennifer E. Brevorka
(jbrevorka@rustyhardin.com),
Russell Hardin, Jr.
(rhardin@rustyhardin.com)
RUSTY HARDIN & ASSOCIATES LLP
1401 McKinney Street, Suite 2250
Houston, TX 77010
   *Attorneys for Defendant Hazelwood*

David P. Lewen
(david.lewen@usdoj.gov),
F.M. Hamilton III
(trey.hamilton@usdoj.gov)
U.S. DEPARTMENT OF JUSTICE
Office of U.S. Attorney
800 Market Street, Suite 211
Knoxville, TN 37902
   *Attorneys for Plaintiff*

                                             */s/ Annie T. Christoff*

23768372.12

8
Case 3:16-cr-00020-CLC-HBG   Document 317   Filed 11/02/17   Page 8 of 8   PageID #: 6484