UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-20 |
| | ) | |
| MARK HAZELWOOD, *et al.*, | ) | Judge Collier |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On January 11, 2018, the Court ordered the parties to show cause (the "Show Cause Order") on or before January 18, 2018 why certain filings relating to Government Exhibits 529, 530, and 531 should not be unsealed. (Doc. 427.) On January 12, 2018, during a hearing regarding certain media outlets' requests for access to certain sealed filings and to Government Exhibits 529, 529-A, 530, 530-A, 531, and 531-A, the parties discussed their agreement to file as much as possible of their responses to the Show Cause Order in the public record so that counsel who had appeared for the media outlets ("Media Counsel") would have an opportunity to make as informed a response as possible under the circumstances. Now before the Court are two motions to seal in connection with responses to the Show Cause Order. (Docs. 435, 439.)

The United States (the "Government") moves to seal the exhibits to its publicly filed response. (Doc. 435.) The Government's response does not object to the unsealing of eight documents as currently filed and asks the Court to unseal four additional documents with certain redactions. (Doc. 434.) The exhibits the Government seeks to file under seal are copies of those four documents, both with and without the Government's proposed redactions. (Doc. 436.)

The Government has stated good cause to seal its exhibits. The interests supporting nondisclosure are more compelling than the interests supporting access for the time being, because the public filing of the exhibits, both with and without redactions, would remove the Court's ability to make and enforce a reasoned determination, with input from the parties, about whether and in what form those very same documents should be publicly released. The seal is no broader than necessary because it only involves documents that are currently filed under seal and which the Court is currently considering whether to unseal.

Defendant Scott Wombold moves to file his response under seal, but to provide a copy of it with certain specific redactions to Media Counsel. (Doc. 439.) The proposed redacted matter equates to eight lines of text out of a document of approximately that many pages.

The interests supporting nondisclosure of Defendant Wombold's *redacted* response are less compelling than the interests supporting access to it. Defendant Wombold's redacted response consists of citations to legal authority, legal argument, and discussion of certain non-private aspects of the case and of some of the social-media publicity surrounding the case. It contains nothing sensitive or personal enough to outweigh the public's interest in the court's keeping open records. In addition, allowing the public access to Defendant Wombold's argument on this subject serves the purpose of allowing as much transparency as possible under the circumstances into the Court's decision on whether to seal or unseal the documents addressed in the Show Cause Order.[1]

---

[1] Although not a significant factor, sealing Defendant Wombold's redacted response but giving Media Counsel access to it would also place Media Counsel in the difficult position of having to consider whether to make any or all of his clients' responses under seal, despite his clients' desire for openness and his not having access to any of the underlying sealed information to discuss to begin with.

2

The interests supporting nondisclosure of Defendant Wombold's *unredacted* response, however, are more compelling than the interests supporting access to it for similar reasons to those supporting the sealing of the Government's exhibits. The Court is currently engaged in weighing the interests for disclosing or not disclosing certain sealed documents. The redacted portions of Defendant Wombold's proposed response address some of that same content. Public filing of those portions of Defendant Wombold's response would therefore defeat the purpose of the process in which the Court is engaging. The seal is no broader than necessary because the Court is denying the motion to seal the balance of the document.

The Government's motion to seal (Doc. 435) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the Government's exhibits (Doc. 436) **under SEAL**. Defendant Wombold's motion to seal (Doc. 439) is **GRANTED IN PART and DENIED IN PART**. As required by Rule 12.2 of the ECF Rules and Procedures, the Clerk of Court is **DIRECTED** to delete Document 440 from the record and modify the docket entry to note the document was deleted upon partial denial of the motion to seal. If Defendant Wombold wishes for the Court to consider his response, he may (1) **FILE** his unredacted response **under SEAL**; (2) **FILE** his redacted response **in the public record**; and (3) **PROVIDE** counsel for the media who appeared at the January 12, 2018 hearing with a copy of the redacted response.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**