UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-20-CLC-HBG |
| | ) | |
| MARK HAZELWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On February 15, 2018, a jury convicted Defendant Mark Hazelwood of conspiracy to commit wire and mail fraud, wire fraud, and tampering with a witness. United States District Judge Curtis L. Collier referred the Defendant to the undersigned for a hearing on whether the Defendant would be released or detained pending his sentencing hearing, which is presently set for June 27, 2018. *See* 28 U.S.C. § 636(b). The parties appeared before the undersigned for a detention hearing on February 16, 2018. Assistant United States Attorneys Francis M. Hamilton, III, and David P. Lewin appeared on behalf of the Government. Attorneys Russell Hardin, Jr., Anthony Douglas Drumheller, and Jennifer E. Brevorka represented Defendant Hazelwood, who was also present. The Court heard the arguments of counsel and the testimony of six witnesses for the defense. At the conclusion of the hearing, the undersigned found clear and convincing evidence that, although the Defendant presents a risk of flight, there are conditions that would reasonably assure his presence at his sentencing hearing and further proceedings in this case. Accordingly, the Court imposed a new Order of Conditions of Release [Doc. 491]. The

1

undersigned **RECOMMENDS** that the District Judge permit the Defendant's continued release on these new conditions until such time as his sentence is imposed.

At his initial appearance and arraignment, the undersigned permitted Defendant Hazelwood to be released on conditions [Doc. 15], pending trial. However, with the Defendant's three felony convictions, the landscape has changed. Unlike before trial, the Court must detain a criminal defendant, following a verdict and pending sentencing, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," if released on conditions. 18 U.S.C. § 3243(a). "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). The parties agreed that § 3243(a) applies in this case, and the Government agreed that this is not a case of mandatory detention.

The Government asked the Court to detain the Defendant pending his sentencing hearing because he presents a flight risk and no combination of conditions could reasonably assure his appearance. The Government argued the Defendant should be detained for the following reasons: He is facing a lengthy sentence of incarceration (between fourteen and twenty-one years on each of two counts). He has an airplane and a boat at his disposal. He has significant financial means with which to flee. He has contacts throughout the United States, including in the border states of Arizona and Minnesota. He has homes in Tennessee and Utah, and a timeshare in a condominium in Italy. Finally, the Government maintained that the Defendant's conviction for witness tampering reveals that he is willing to subvert the justice system and its processes. It argued that the Defendant's proposed conditions could be easily circumvented and that the

Defendant had failed to carry his burden of showing that he is not a flight risk by clear and convincing evidence.

Defendant Hazelwood argued that no evidence exists that he is a flight risk. He stated that he has followed all of the conditions of his pretrial release with no violations. The Defendant stated that he maintains residences in Knoxville and Nashville, Tennessee, and asked to be able to travel between these two homes in order to settle the affairs of his seven businesses. The Defendant stated that he would render his airplane and boat inoperable. The Defendant presented the testimony of George Dubler, Jeffrey Farrington, Darren Ming, and Asa Hazelwood, who all testified that the Defendant is devoted to his family and would not flee. Mr. Ming, the Chief financial officer for the Defendant's businesses, also testified that the Defendant needed to create succession plans and wrap up the legal affairs of his businesses. Aaron Steiner, the Defendant's personal accountant, testified that the Defendant does not own property outside of the United States and that he has access to his timeshare in Italy four weeks yearly but has not visited it since he was charged in this case. Peter Breazeale, the Defendant's airplane pilot, testified that the airplane could be immobilized by locking the doors and surrendering all four sets of keys. He stated that the Defendant did not have a key to the airplane and that a locksmith could not open the plane. The Defendant asked to continue on his pretrial conditions of release, so that he can take care of his family and his business affairs.

Based upon the Pretrial Services Report, the testimony, the exhibits, and the arguments of the parties, the undersigned finds that Defendant Hazelwood is a risk of flight because he has the financial means, the ability, and the travel contacts to flee. However, the Court also finds that there are conditions that will reasonably assure the Defendant's appearance at his sentencing

hearing. In this regard, the Court observes that the Defendant has complied with all conditions of pretrial release, has no violations of his release conditions, and has appeared in Court when required. The Court has permitted the Defendant to travel extensively for business while on pretrial release, and he has always returned as promised. The Defendant has no criminal history, prior to the jury's verdict in this case. The Defendant has strong family and business ties to this district. He owns property in Knoxville. The Defendant has no history of drug or alcohol abuse. Finally, the Government has presented no evidence that the Defendant has plans for or has made preparations to flee.

The Court finds that new and more extensive conditions are appropriate in the wake of the Defendant's convictions. In addition to the Defendant's pretrial conditions, the Court imposed the following conditions: The Defendant is placed on home incarceration, which is twenty-four-hour lockdown at his Knoxville residence except for medical necessities and court appearances or other activities specifically approved by the Court.[1] The Defendant must submit to electronic location monitoring and must pay for the cost of same. The Defendant's airplane and boat are to be rendered inoperable to the satisfaction of the United States Probation Office and the United States Marshals Service. The Defendant is to submit a property bond on his Knoxville residence to secure his appearance. This property bond must be submitted to the Court by February 23, 2018. The Court required that the Defendant's wife, Mrs. Joann Hazelwood, serve as a third-party custodian, and she agreed to do so. Finally, the Court cautioned the Defendant that the prohibition against contacting victims or witnesses applies to sentencing hearing witnesses. Although the Court finds

---

[1] The Defendant asked to attend an ophthalmologist appointment and the funeral of a close friend. The Court directed the Defendant to get the permission of his supervising Probation Officer for these events but stated that it had no objection to these two requests.

Defendant Hazelwood to be a flight risk, the Court finds by clear and convincing evidence that Defendant Hazelwood is not likely to flee if released on these extensive conditions.

Therefore, the undersigned **RECOMMENDS** the Defendant remain released on the new conditions [Doc. 491] imposed.[2]

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).