```
 1                IN THE UNITED STATES DISTRICT COURT
 2                 EASTERN DISTRICT OF TENNESSEE
 3                         AT KNOXVILLE
    ---------------------------------------------------------
 4                                   :
    UNITED STATES OF AMERICA         :
 5                                   :
             Plaintiff,              :
 6                                   :
    v.                               :          3:16-CR-20
 7                                   :
    MARK HAZELWOOD,                  :
 8  SCOTT WOMBOLD,                   :
    HEATHER JONES, and               :
 9  KAREN MANN,                      :
                                     :
10           Defendants.             :
    ---------------------------------------------------------
11                                        Chattanooga, Tennessee
                                          February 14, 2018
12

13            BEFORE:  THE HONORABLE CURTIS L. COLLIER
                       UNITED STATES DISTRICT JUDGE
14

15

16  APPEARANCES:

17                       FOR THE PLAINTIFF:

18                       F. M. HAMILTON, III
                         DAVID P. LEWEN, JR.
19                       Assistant United States Attorneys
                         U. S. Department of Justice
20                       Office of the United States Attorney
                         800 Market Street, Suite 211
21                       Knoxville, Tennessee  37902

22

23

24                           JURY TRIAL
                       TWENTY-SIXTH DAY OF TRIAL
25
```

APPEARANCES: (Continuing)

        FOR DEFENDANT MARK HAZELWOOD:

        RUSSELL HARDIN, JR.
        ANTHONY DOUGLAS DRUMHELLER
        JENNIFER E. BREVORKA
        Rusty Hardin & Associates LLP
        1401 McKinney Street, Suite 2250
        Houston, Texas 77010

        FOR DEFENDANT SCOTT WOMBOLD:

        JOHN E. KELLY
        ROBERT K. PLATT
        Bass, Berry & Sims PLC
        1201 Pennsylvania Avenue NW
        Suite 300
        Washington, D. C. 20004

        ELI J. RICHARDSON
        DAVID RIVERA
        Bass, Berry & Sims PLC
        The Pinnacle at Symphony Place
        150 3rd Avenue South
        Suite 2800
        Nashville, Tennessee 37201

        ANNIE TAUER CHRISTOFF
        Bass, Berry & Sims PLC
        100 Peabody Place
        Suite 1300
        Memphis, Tennessee 38103

```
 1   APPEARANCES:  (Continuing)

 2

 3                       FOR DEFENDANT HEATHER JONES:

 4                       BENJAMIN J. VERNIA
                         ANDREW K. MURRAY
 5                       The Vernia Law Firm
                         1455 Pennsylvania Avenue NW
 6                       Suite 400
                         Washington, D. C.  20004
 7
                         CULLEN MICHAEL WOJCIK
 8                       Law Office of Cullen M. Wojcik
                         422 S. Gay Street
 9                       Suite 302
                         Knoxville, Tennessee  37902
10

11

12                       FOR DEFENDANT KAREN MANN:

13                       JONATHAN D. COOPER
                         Whitt, Cooper, Trant & Hedrick
14                       607 Market Street
                         Suite 1100
15                       Knoxville, Tennessee  37902

16                       SARA E. COMPHER-RICE
                         Oberman & Rice
17                       550 West Main Avenue
                         NationsBank Building
18                       Suite 950
                         Knoxville, Tennessee  37902-2567
19

20

21                                 - - -

22

23

24

25
```

```
 1                (Recess for deliberations.)
 2                (The jury entered the courtroom, and the proceedings
 3                continued as follows:)
 4          THE COURT:  Ladies and gentlemen, as you can see,
 5   it's a few minutes after noon.  I'm going to release you for
 6   lunch now and ask you to return roughly at 1:00.  And remember
 7   my admonitions I've given you earlier.  So the jury is released
 8   for lunch now.  Thank you.
 9                (The jury exited the courtroom, and the proceedings
10                continued as follows:)
11          THE COURT:  Be seated.  We received a communication
12   from the jury earlier.  The Court drafted a proposed response
13   and had it circulated to the attorneys.
14          Ms. Lewis, what time do you have to leave?
15          THE COURTROOM DEPUTY:  I'll stay as long as you want
16   me to, Judge Collier.  I mean, I'm going to be leaving at 1:00,
17   but --
18          THE COURT:  At 1:00.  I meant to tell the jury, so
19   they could say good-bye to you, and I forgot.  I apologize.
20          Ms. Lewis has an engagement this afternoon.
21          Is it a child?
22          THE COURTROOM DEPUTY:  It's my granddaughter.
23          THE COURT:  One of her granddaughters has a program
24   at school, and was insistent on her presence.  Ms. Lewis is
25   going to be taking leave and going there, and I wanted the jury
```

1  to understand that they may not be seeing her again, and the
2  reason was because she had a family commitment.
3          So, I'm sorry, Ms. Lewis, for that.
4          THE COURTROOM DEPUTY:  Thank you, Judge Collier.
5          The Court circulated a proposed response to the
6  attorneys.  And looks like the government made one correction;
7  the Court said "mail fraud" in the proposed communication, and
8  that should say "wire fraud."  And Mr. Hazelwood and Ms. Mann
9  were okay with the proposed instruction.
10         And Ms. Jones has some reservations.  Is that
11 correct?
12         MR. VERNIA:  Yes, sir.
13         THE COURT:  Okay.
14         (Brief pause.)
15         MR. VERNIA:  Thank you, Your Honor.  Trying to read
16 between the lines in the jury's question, and it appears that
17 they may be cross-pollinating a little bit between the
18 conspiracy instructions and the substantive wire fraud
19 instructions.  And I guess my concern is that although the
20 Court's proposed statement, with the government's correction,
21 is certainly a correct statement, it may not adequately focus
22 them on the pages in the instructions that are particularly
23 relevant to the substantive counts.  And those are Pages 27 to
24 34.  So I think our proposal would just be to include a
25 reference to -- you know, essentially saying, for those

```
1   substantive wire fraud counts, the -- "In addition to all the
2   instructions, you should particularly focus on those on Pages
3   27 to 34."
4              THE COURT:  Anyone object to that?
5              (Brief pause.)
6              MR. HAMILTON:  Not as -- not as described.  The
7   United States would appreciate knowing how the Court plans to
8   insert that language in there, because I -- the United States
9   does believe that the way in which the Court closes out the
10  instruction by saying that the instruction should be considered
11  as a whole is always an important instruction to give the jury.
12             THE COURT:  24 and what?  Pages --
13             MR. VERNIA:  27 to 34, Your Honor.
14             THE COURT:  I would suggest, then, that between the
15  last sentence and the next-to-last sentence we add this
16  sentence:  "For the substantive wire fraud counts," comma,
17  "refer to Pages 27 through 34."
18             MR. VERNIA:  That would be fine with us, Your Honor.
19             MR. HARDIN:  No objection.
20             MR. HAMILTON:  No objection, Your Honor.
21             THE COURT:  Very well.  We will make that change,
22  then, and we will have it provided to the jury when they come
23  back.
24             This may be moot now.  Just as the Court was
25  prepared to take the bench, we received another communication
```

from the jury, and it has a 12:00 time on it. It reads as follows: "The jury would like to let the Court know we have reached decisions on all but one count on one person. Please advise what to do if we are not unanimous in our decision."

"The jury would like to let the Court know we have reached decisions on all but one count on one person. Please advise what to do if we are not unanimous in our decision."

Any thoughts on a response?

MR. HARDIN: I guess my-- Go ahead.

MR. HAMILTON: We'd like to hear from counsel for the defense first.

MR. HARDIN: Yeah, I want to hear from them, because I don't know quite what to suggest as a response. The problem I have, at the end of that, are they talking -- or they only have a problem with the one count they haven't agreed on? Are they saying they're unanimous to the other three and not unanimous as to the only one? I suspect that's what they mean, but that's not what the language clearly says. I don't -- I think we're going to probably have to, if it's okay with the Court, take five minutes to figure out among ourselves if we have a unified position.

THE COURT: Very well. The Court did not have an opportunity to copy the instruction. The Court will do that -- I'm sorry, the communication. The Court will do that and provide it to counsel, and then counsel can give some thought

```
 1  to what we should do.
 2          Considering the length of the trial and also
 3  considering the amount of time that's transpired since we
 4  first started and the complexity of the case, they really
 5  haven't been deliberating all that long.  They deliberated all
 6  day on Monday.  They have not deliberated all day today.
 7  They've deliberated just, what, three hours last week?  So
 8  they've actually only deliberated for less than two days.
 9          MR. HARDIN:  (Moving head up and down.)
10          THE COURT:  So with respect to that last statement by
11  them, I would suggest that part of whatever we send back would
12  be, "You should continue your deliberations in an effort to see
13  if you can't reach a unanimous decision."
14          MR. HARDIN:  We would have no objection to that
15  instruction.
16          MR. VERNIA:  No objection, Your Honor.
17          MR. HAMILTON:  Before the United States states a
18  position on this, we'd just like to see or hear again the
19  communication.  And also, Your Honor, I just want to point
20  out --
21          (Off-the-record discussion between government
22          counsel.)
23          MR. HAMILTON:  So we've had two and a half days,
24  just--  We were here on Monday and Tuesday.
25          THE COURT:  I'm sorry, today's Wednesday, not
```

Tuesday.  Okay.

            MR. HAMILTON:  I just wanted to make that observation.

            THE COURT:  So we've had less than three days, then.

            MR. HARDIN:  Yes, sir.

            MR. HAMILTON:  Yes, sir.  So -- but if we could just have a few moments to consider our position on this after either hearing or seeing the communication again.

            THE COURT:  We'll have the communication forwarded to you, then, shortly.

            MR. HAMILTON:  Thank you.

            THE COURT:  And, Ms. Lewis, you're free to take off. And enjoy yourself.  Spend time with that granddaughter.

            THE COURTROOM DEPUTY:  Thank you.

            (Luncheon recess.)

            (Recess for deliberations.)

            (The proceedings were held outside the presence of
            the jury, as follows:)

            THE COURT:  The earlier communication has gone back to the jury.  And we can address now the latest communication, and that is, what do they do if they cannot reach a unanimous decision.

            We've received a proposal from the government that the Court instruct them on partial verdicts.  The Court had indicated that it was thinking of providing something, and the

Case 3:16-cr-00020-CLC-HBG   Document 516   Filed 03/09/18   Page 9 of 12   PageID #: 13259

Court has put on paper something along those lines, and it reads, "You have asked what you should do if you are not unanimous as to one count on one defendant. It is common for juries to encounter some difficulty in reaching unanimous agreement. Considering the length of this trial and the nature of the evidence, the amount of time you have spent deliberating is not out of the ordinary. You should continue your deliberations in an effort to reach a unanimous decision."

And I also take it from some of the communications that at least one, if not more, of the defendants would be opposed to a partial verdict. Is that right?

MR. HARDIN: Correct, Your Honor.

MR. KELLY: Yes, Your Honor.

MR. HARDIN: I believe it's all the defendants, Your Honor.

THE COURT: I'm sorry. So all the defendants are opposed to a partial verdict, then.

Mr. Hamilton?

MR. HAMILTON: The United States respectfully suggests that both should be provided, both the Court's instruction and as well as 9.03. 9.03 contemplates this situation. As we pointed out, the use note says that this instruction should be used if the jury has asked about, attempt to return, or otherwise indicate that they may have

```
1    reached a partial verdict.
2              And this communication to the Court at 12:00 p.m.,
3    in the government's view, makes it pretty clear that they
4    have -- that they are indicating that they have reached a
5    partial verdict with respect to all but one of the counts with
6    the exception of one defendant.  And so what 9.03 does is, it
7    just gives them options, it lets them -- it doesn't tell them
8    what to do, it just lets them know that they don't have to
9    wait until the end, it's up to them, it's their choice, and it
10   asks them to continue their deliberations.
11             And the United States would respectfully suggest
12   that where -- Paragraph 4, where the pattern instruction says,
13   "I would ask you now return to the jury room and resume your
14   deliberation," that that be the point at which the Court
15   insert what the Court just advised us it had drafted in answer
16   to the question of "what to do if we are not unanimous in our
17   decision."  It seems to me that both are appropriate, both the
18   partial verdict pattern instruction as well as the language
19   that the Court had drafted to encourage them to continue their
20   deliberations.
21             THE COURT:  I take it, though, you don't have any
22   objection, then, to what the Court has proposed.
23             MR. HAMILTON:  That language, no, sir.
24             THE COURT:  Does anyone else have any objection to
25   what the Court has proposed?
```

12

1  MR. VERNIA:  Not to the Court's language, Your Honor.
2  MR. KELLY:  No.
3  MR. HARDIN:  No.
4  MR. COOPER:  No, Your Honor.
5  THE COURT:  The Court will consider the partial
6  verdict instruction at a later point.  I think, though, at this
7  time the Court will merely send back to the jury its
8  instruction that their time has not been inordinate, and that
9  they should just continue trying to reach a decision.
10  Ms. Hinton.
11  THE COURTROOM DEPUTY:  Yes, Your Honor.
12  THE COURT:  This is the Court's communication.  Make
13  a copy of it and share it with counsel, and then provide that
14  to the jury.
15  THE COURTROOM DEPUTY:  Okay.
16  (Recess for deliberations.)
17  (The jury entered the courtroom, and the proceedings
18  continued as follows:)
19  THE COURT:  Ladies and gentlemen, it's near 5:00, so
20  I'm going to release you for the day.  And I'll ask you to
21  return tomorrow morning at 9:00 to resume your deliberations.
22  Again, remember my earlier admonitions regarding
23  television, the Internet, radio, and newspapers.
24  Ms. Hinton.
25  (Evening recess.)