UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:16-CR-20 |
| | ) | (Collier/Guyton) |
| MARK HAZELWOOD, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## MARK HAZELWOOD'S MOTIONS RELATED TO SENTNECING PROCEDURES

Defendant, Mark Hazelwood ("Mr. Hazelwood"), herein respectfully requests a telephone conference with the Court and the government to address a number of practical issues related to the upcoming sentencing of Mr. Hazelwood. We asked the government for a conference to discuss these issues, hoping to work some of them out on consent. We got no reply. For the Court's convenience, we outline the issues below:

1) The local rules do not seem to contemplate the exchange of witness lists at sentencing hearings. In order for both sides to adequately prepare, we hope the Court may be amenable to directing the parties to submit witness lists no later than seven days before sentencing.

2) To the extent the sentencing hearing takes longer than a single day, we would like to discuss the Court's intention concerning additional dates. We will have out-of-town witnesses and supporters traveling to attend the sentencing, and we wish to make the most efficient use of the Court's time, with the least inconvenience to these others.

3) We hope the Court may be amenable to allowing both sides to submit responses to each other's sentencing submissions, with a maximum length of ten pages, to be filed no later than seven days before sentencing.

4) We have been advised of a potential individual practice operative in Your Honor's court, which might restrict or prohibit the calling of character witnesses, who have relevant information for the Court's consideration under 18 U.S.C. § 3553(a)(1), at sentencing. We are hopeful that the Court might permit limited exceptions to this practice, if it in fact represents the Court's practice.

1 of 2 pages

Case 3:16-cr-00020-CLC-HBG   Document 668   Filed 09/12/18   Page 1 of 3   PageID #: 18297

5) In previous filings, and in the upcoming sentencing submissions, we have argued that the loss amount calculated by KraftCPAs ("Kraft") and adopted by the PSR is the product of a seriously flawed Customer Satisfaction Project conducted by Pilot's internal audit team. In a similar vein, we understand that the defense teams for Mr. Wombold and Ms. Jones intend to argue that the Kraft Report is fundamentally flawed beyond usability for reasons we have argued and, possibly, for other reasons. It merits discussion as to whether the court may - absent considering the arguments of Mr. Wombold and Ms. Jones – decide the reliability of the Kraft Report at the time of sentencing for Mr. Hazelwood. A finding after Mr. Hazelwood is sentenced that the Kraft Report is unreliable, unusable or inaccurate would raise serious questions as to whether Mr. Hazelwood's sentence was lawful warranting a resentencing pursuant to Rule 35(a), Fed.R.Crim.P. We hope to address this issue in concert with the issues raised in paragraph 2 above.

We will, of course, make ourselves available for such a conference at any time convenient to the Court. Wherefore, we respectfully request the Court hold a brief telephone conference to discuss these issues.

Respectfully submitted,

/s/ Jim Walden
Jim Walden
Georgia Winston
WALDEN MACHT & HARAN LLP
One Battery Park Plaza
34th Floor
New York, New York 10004
(212) 335-2030
jwalden@wmhlaw.com

/s/ Bradley L. Henry
Bradley L. Henry (BPR # 025447)
BREEDING HENRY BAYSAN PC
900 South Gay Street, Suite 1950
Knoxville, Tennessee 37902
(865) 670-8535- Telephone
(865) 670-8536- Facsimile
bhenry@bhblegal.com

*Attorneys for Defendant Hazelwood*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 12, 2018, a true and correct copy of the foregoing document was filed on CM/ECF with the U.S. District Court for the Eastern District of Tennessee. Notice of this filing was served on all CM/ECF parties.

/s/ Bradley L. Henry