UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-20 |
| | ) | |
| MARK HAZELWOOD, | ) | Judge Collier |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant Mark Hazelwood's motion for a hearing by teleconference to discuss sentencing procedures. (Doc. 668.) Defendant identifies five issues on which he seeks clarification. The Court provides that clarification below.

First, as Defendant notes, this Court does not require the exchange of witness lists before a sentencing hearing. The parties are free to reach any agreement they wish on this matter.

Second, Defendant inquires about scheduling in the event his sentencing hearing takes longer than one day. While Defendant's sentencing was still scheduled for the same day as those of Codefendants Scott Wombold and Heather Jones, Defendant represented that the total length of the sentencing hearing would be one to two days for all three defendants collectively. Because Defendant's sentencing hearing is now set for a different day than those of Codefendants Wombold and Jones, the Court expects the hearing will not require as much time as Defendant originally anticipated. If the hearing nevertheless requires more than one day, the Court will continue the sentencing hearing on Thursday, September 27, 2018.

Third, Defendant asks that both parties be allowed to submit responses of up to ten pages to the other's sentencing submissions no later than seven days before the hearing. The Court will allow a response of **fifteen pages** from each party on or before **Thursday, September 20, 2018**.

Fourth, Defendant asks the Court to make "limited exceptions" to its typical practice as to witnesses during sentencing hearings. The Court allows testimony from witnesses during sentencing hearings only when such testimony affects a defendant's guideline calculations. The Court does not allow testimony from character witnesses during sentencing hearings. Instead, the Court accepts as true the representations of counsel as to what character witnesses would say if they were to testify. The Court also carefully reviews letters of support for defendants. The Court sees no need for an exception in this case.

Fifth, Defendant asks to discuss whether the Court may lawfully impose a sentence on Defendant before the sentencing hearings of Codefendants Wombold and Jones, when all three defendants intend to attack the loss amounts calculated by KraftCPAs. The issue Defendant raises is not unique to this case, or even to this type of case. In any case involving multiple defendants who cannot, for one reason or another, be sentenced in the same hearing, the possibility exists that different arguments by different counsel will illuminate different issues or point in different directions. This circumstance can occur whether the subject matter is financial loss through fraud or the calculation of drug amounts. It is the responsibility of each defense attorney to pursue the strategy he or she determines will best serve the interests of his or her client. The Court sees no need at this time to delay the imposition of sentence on Defendant.

Finally, the Court has considered a reasonable schedule for Defendant's sentencing hearing. In order for the parties to plan their time effectively, the Court sets the following schedule:

| | |
|---|---|
| **Evidence on objections** | |
|     Three hours for Government | |
|     Three hours for Defense | |
|     **Subtotal:** | Six hours |
| **Argument on objections** | |
|     Thirty minutes for Government | |
|     Thirty minutes for Defense | |
|     **Subtotal:** | One hour |
| **Argument on departures/variances** | |
|     Thirty minutes for Government | |
|     Thirty minutes for Defense | |
|     **Subtotal:** | One hour |
| **Arguments for sentence/allocution** | |
|     Forty-five minutes for Government | |
|     Forty-five minutes for Defense | |
|     Thirty minutes for Defendant | |
|     **Subtotal:** | Two hours |
| **Rulings and imposition of sentence** | One hour |
| **TOTAL:** | **Eleven Hours** |

The time for evidence on objections will include both the direct examination of a party's own witnesses and the cross examination of the other party's witnesses. If either party does not use all of the time the Court has allowed for a certain stage of the hearing, that party may use his or its unused time for a different stage of the hearing.

    In conclusion, Defendant's motion (Doc. 668) is **GRANTED IN PART**, to the extent it seeks the clarification on sentencing procedures provided above, and **DENIED IN PART**, to the extent it requests a hearing to discuss sentencing procedures.

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

4