IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | No. 3:16-CR-20 |
| ) | JUDGES COLLIER/GUYTON |
| MARK HAZELWOOD, ) | |
| ) | |
| DEFENDANT. ) | |

## STIPULATION NO. 1 BETWEEN THE GOVERNMENT AND DEFENDANT MARK HAZELWOOD RELATED TO SENTENCING

The parties agree and stipulate to the following:

1. If the Government were to proceed with a hearing to establish the loss amount in this case pursuant to Section 2B1.1 of the United States Sentencing Guidelines (U.S.S.G.), it maintains that it would establish, by a preponderance of the evidence, that the loss attributable to Mark Hazelwood is between $3,500,001 to $5,000,000 (three-million-five-hundred-thousand-one dollars to five million dollars), resulting in a specific offense level enhancement of 18 levels for loss, pursuant to U.S.S.G. 2B1.1(b)(1)(J).

2. For the purposes of sentencing, Mr. Hazelwood will not contest this amount or the application of U.S.S.G. 2B1.1 (b)(1)(J), without in any way waiving (a) his right to request the downward departures/variances as articulated in his sentencing-related motions (but excluding the aspects of the motions related to the alleged deficiencies in KraftCPAs' and Pilot Internal Audit's loss–calculations work) or (b) his right to contest on appeal the admissibility of evidence

Page 1 of 3

put before the jury at trial in this matter relating to customers' alleged losses, including, without limitation, through the testimony and exhibits offered through Darren Seay.

3. For the purposes of paragraph 2, the Government agrees that Mr. Hazelwood may make the argument made in his sentencing-related motions under U.S.S.G 2B1.1, Application Note 3(e) as a basis for variance. Mr. Hazelwood agrees that he will not argue U.S.S.G 2B1.1, Application Note 3(e) as a basis to reduce the 18-point enhancement under U.S.S.G. 2B1.1 (b)(1)(J).

4. The Government agrees that it will make no argument at sentencing that Mr. Hazelwood should be punished more severely, or that the Court should decline to award a downward departure or variance, based on any alleged actual loss or intended loss above $5,000,000 or any other actual victim not included in the Government's Loss Table, which was submitted to the Court on August 1, 2018 (Doc. 620-1), or any other actual or intended victim not identified in evidence admitted at trial. However, Mr. Hazelwood and the Government agree that the Government is not foreclosed by this stipulation from continuing to advance previously made arguments based on evidence admitted at trial related to the February 18, 2013 Orlando, Florida meeting, and Mr. Hazelwood is not foreclosed from continuing to defend against those arguments.

[SIGNATURES FOLLOW ON NEXT PAGE]

**IT IS SO STIPULATED AND AGREED:**

**BY THE UNITED STATES**

*s/ Francis M. Hamilton III*            9/17/2018
Francis M. Hamilton III            Date
David P. Lewen, Jr.
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902

*Attorneys for the United States of America*


**BY DEFENDANT MARK HAZELWOOD**

Mark Hazelwood            9/18/2018
                                             Date

Jim Walden                          9/17/2018
Walden Macht & Haran LLP       Date
One Battery Park Plaza, 34th Floor
New York, New York 10004

Bradley L. Henry
Breeding Henry Baysan PC
American Express Tower
200 Vessey Street, 24th Floor
New York, NY 10281

*Attorneys for Defendant Mark Hazelwood*