IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>MARK HAZELWOOD, et al.,<br>Defendant | )<br>)<br>)<br>)  No. 3:16-CR-20<br>)  (Collier/Guyton)<br>)<br>)<br>) |

## UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

Mark Hazelwood, through counsel, and with the consent of the United States Attorney's Office and Pretrial Services moves the Court to modify his conditions of release to permit him to leave his home for one hour, three days a week to exercise within the bounds of his property.

In the Court's July 29, 2019 Order (Doc. 891) denying Mr. Hazelwood's request to leave his home three days a week, the Court seems to be under the impression that Mr. Hazelwood has been permitted to exercise in his backyard, including by use of his swimming pool. This is not the situation. Mr. Hazelwood has been strictly limited to his home, and not even permitted to step foot outside his home without permission from the Court. The Probation Department has taken the view that they lack any authority to permit Mr. Hazelwood to have any time outside his home in the absence of a specific order from the Court.

Because the Court was apparently laboring under a misimpression that Mr. Hazelwood had access to his backyard, and thus had at least some time outside, we respectfully request a small dispensation: that the Court allow Mr. Hazelwood to exercise on his property (which apparently the Court thought he was doing anyway). (Doc. 891). In making this request, we ask the Court to weigh Mr. Hazelwood's long history of complying with this Court's orders—together with every objective indicator that he has no intention whatsoever to do anything other than remain with his family and fight within the Justice System to clear his name—against the inconsequential risk of

1

granting him the ability to exercise outdoors.

The government does not oppose this request because the Court's previous ruling indicates that Mr. Hazelwood's use of his in-ground swimming pool is permissible (Doc. 891 at 2), and Mr. Hazelwood's in ground swimming pool is outside his home. We have also consulted with the Pretrial Department and they also has no objection to Mr. Hazelwood being permitted to leave his home as requested and will work with Mr. Hazelwood to implement a system to permit this request.

Pretrial and Mr. Hazelwood propose the preset schedule of Tuesdays and Thursdays from 3:30pm to 4:30pm and on Sundays from 1:00pm to 2:00pm.

Permitting exercise within the bounds of Mr. Hazelwood's property three days a week for one hour at a fixed time set by the Probation Office that will begin and end with a communication to the Pretrial Officer—will still reasonably assure Mr. Hazelwood's continued appearance, and remains consistent with the requirement of imposing the "least restrictive" conditions.

**WHEREFORE**, Mr. Hazelwood requests that this Honorable Court enter an Order modifying the conditions of his release to allow him to leave his home to use his property for exercise three days a week for one hour.

**DATED**:  Knoxville, Tennessee
November 13, 2019

Respectfully submitted,

s/ Bradley L. Henry
Bradley L. Henry (TN Bar No. 025447)
Breeding Henry Baysan PC
900 S. Gay St.
Suite 1950
Knoxville, TN 37902
(865) 670-8535
bhenry@bhblegal.com

s/ Jim Walden

Walden Macht & Haran  
One Battery Park Plaza  
New York, New York 10004  
(212) 335-2031  
jwalden@wmhlaw.com

**CERTIFICATE OF SERVICE**

 I hereby certify that, on November 13, 2019, a true and correct copy of the foregoing document was filed on CM/ECF with the U.S. District Court for the Eastern District of Tennessee. Notice of this filing was served on all CM/ECF parties.

            /s/ Bradley L. Henry