UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:16-CR-20 |
| v. ) | |
| ) | Judge Collier |
| MARK HAZELWOOD ) | |

## **O R D E R**

Before the Court is a motion by Defendant Mark Hazelwood to modify the terms of his release to allow him to leave his house but stay on his property for outdoor exercise for one hour every Tuesday, Thursday, and Sunday. (Doc. 903.)

Defendant bases his request on certain language in the Court's Order of July 29, 2019. (*Id.* at 1 (citing Doc. 891).) In that Order, the Court denied a renewed motion by Defendant to be allowed to leave his home for three hours on three days every week to exercise and attend church. (Doc. 891.) The Order contains the following sentence: "The Court has also been advised by Defendant's supervising pretrial services officer that Defendant has ample space to exercise in his home, including a personal gym and in-ground swimming pool." (Doc. 891 at 2.) Defendant suggests from this sentence that the Court is under the misapprehension that Defendant is currently allowed to go into his backyard to exercise. (Doc. 903 at 1.) Defendant accordingly asks the Court to grant him permission to do so now.

The Court was under a misapprehension, but it was a different misapprehension than the one Defendant suggests. The Court's misapprehension was that Defendant's in-ground pool was inside his house. In addition to the information in Defendant's motion, the Probation Office has now clarified for the Court that Defendant's in-ground pool is outdoors. The Probation Office has

further clarified that Defendant cannot use either his pool or his outdoor hot tub because the location monitoring transmitter on Defendant's ankle cannot be submerged in water.[1]

Defendant's supervising pretrial services officer does not object to Defendant's motion. (*See* Doc. 903 at 2.) The United States does not oppose Defendant's motion because it interprets the Court's previous ruling as indicating that Defendant was permitted to use his swimming pool. (*See id.*)

Given the supervising pretrial services officer's lack of objection, the motion (Doc. 903) is **GRANTED**. Defendant may go outside his house to exercise on his property on Tuesdays between 3:30 p.m. and 4:30 p.m., on Thursdays between 3:30 p.m. and 4:30 p.m., and on Sundays between 1:00 p.m. and 2:00 p.m. For the avoidance of doubt, Defendant is not permitted to use his swimming pool or his hot tub.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[1] These clarifications would not have changed the conclusion in the Court's July 29, 2019, Order. The crucial factor as to Defendant's exercise request was that Defendant had ample space to exercise in his house, not whether he had access to a swimming pool.