UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:16-CR-20 |
| v. | ) | |
| | ) | Judge Collier |
| MARK HAZELWOOD | ) | |

## O R D E R

Before the Court is a motion by Defendant Mark Hazelwood to modify the terms of his release to allow him to travel to Cincinnati, Ohio on February 5–6, 2020, to attend the February 6 oral argument of his case before the Court of Appeals for the Sixth Circuit, and to allow him to travel to New York, New York on February 4–5 to participate in hearing preparation and moot-court exercises with his legal team, including attorneys and other vendors. (Doc. 912.) He will be accompanied at all times by his third-party custodian. He offers to be accompanied for all travel by one of his attorneys.

Defendant's supervising pretrial services officer does not object to Defendant's request, provided that Defendant is accompanied at all times by his third-party custodian and maintains communication with the officer during the trip. Although Defendant has offered to report to the Probation Office in New York and to be accompanied by an off-duty police officer while there, Defendant's supervising pretrial services officer does not believe these restrictions are necessary at this time.

The United States (the "Government") does not object to Defendant's request to travel to Cincinnati, although it notes that Defendant does not have a constitutional right to be present at oral argument of his appeal. (Doc. 912 at 2.) As to Defendant's request to travel to New York, the Government does not consent, but notes the Court's history of granting modification requests

where a specific need is demonstrated and denying them where no specific need is demonstrated. (*Id.* at 5.) The Government defers to the Court on whether Defendant has demonstrated a specific need in this instance. (*Id.*)

Defendant argues his personal attendance at oral-argument-preparation sessions is necessary and proper, given his knowledge of the facts and history of the case. (*Id.* at 3.) He represents that "his ability to be present for live presentation and to interact with his legal team in person over an extended period during that day is vital to the preparation and success of oral argument." (*Id.*) Defendant states that for over a year, groups of his attorneys and other vendors have travelled to Knoxville to meet with him. (*Id.* at 4.) For this final preparation, however, he represents that it would be financially prohibitive for his entire legal team to travel to Knoxville. (*Id.*) He argues it would be impossible to bring all of the necessary documentation to Knoxville, and his house does not have meeting space large enough for the group of more than ten who will be participating in preparations and moot-court exercises. (*Id.*) He also argues that participating by audio or video conference is subject to potential technology disruptions and would "restrict his ability to interact and engage with multiple members of his legal team as they prepare or assist in preparing for oral argument." (*Id.* at 3.)

Defendant's motion (Doc. 912) is **GRANTED IN PART and DENIED IN PART**. Defendant may travel to Cincinnati on February 5 to attend oral argument and return to Knoxville on February 6. Defendant has not, however, shown a specific need or sufficient justification to travel to New York. On his travel to Cincinnati, Defendant shall be accompanied by his third-party custodian and shall maintain communication with his supervising pretrial services officer as instructed. One of Defendant's attorneys shall accompany Defendant on his return travel from

2

Case 3:16-cr-00020-CLC-HBG   Document 915   Filed 01/23/20   Page 2 of 3   PageID #: 22342

Cincinnati to Knoxville. Defendant shall observe all other terms set by his supervising pretrial services officer.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**