UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| v. ) | No. 3:16-CR-20 |
| ) | JUDGES COLLIER/GUYTON |
| MARK HAZELWOOD, ) | |
|     Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT HAZELWOOD'S MOTION
TO RESET TERMS OF RELEASE (DOC. 954)**

The United States of America hereby responds to Defendant Hazelwood's motion to reset terms of release. (Doc. 954.) Consistent with a Sixth Circuit order upholding this Court's order setting conditions of release pending appeal, home confinement remains a condition of Hazelwood's release. (*See* Doc. 791; *United States v. Hazelwood*, No. 18-6023, Doc. 30-2, (6th Cir. Jan. 10, 2019).) Central to the Sixth Circuit's rationale for affirming the district court's home confinement order was the "greater incentive to flee" that arises when a defendant faces the "certainty" of "incarceration" following the imposition of sentence. (*Id*. at 2-3.) Specifically, the Sixth Circuit noted that Hazelwood had been "sentenced to a 150-month term of incarceration." (*Id*. at 2.)

On October 14, 2020, a divided panel of the Sixth Circuit issued a decision adverse to the United States that reversed Hazelwood's convictions and remanded his case for a new trial. *Hazelwood*, No. 18-6023, Doc. 87-2, (6th Cir. Oct. 14, 2020).) A thorough, well-reasoned dissent accompanied the majority opinion. (*Id*. at 22-37.)

The United States is engaged in the deliberative process required for it to reach a decision whether to seek review of that panel decision. The Solicitor General makes the determination whether the United States will seek rehearing en banc of any decision adverse to the government. *See* 28 C.F.R. § 0.20(b). Following a motion from the government that explained the need for

additional time for the Solicitor General to thoroughly consider the panel's opinion and the extensive record in this case, to consult with the United States Attorney's Office and the Criminal Division of the Department of Justice, the Sixth Circuit granted the government an extension of time through the close of business on November 30, 2020 to file a petition for rehearing en banc.  (*Hazelwood*, No. 18-6023, Doc. 88, 89.)

In the event the government seeks rehearing of the panel's decision, the government would request that this Court maintain Hazelwood's current conditions of release through the resolution of any such petition for rehearing.  In the event the United States does not seek rehearing of the panel's decision, the government agrees that the panel's decision would vitiate the rationale supporting Hazelwood's home confinement, namely the incentive to flee arising from an imposition of a sentence of incarceration.  As described above, the United States will not be in a position to advise the Court whether it will be seeking rehearing until the Solicitor General makes a determination on or before the close of business November 30, 2020.

The United States respectfully requests that the Court consider these circumstances when ruling on Hazelwood's pending motion and otherwise defers to the discretion of the Court.

        Respectfully submitted,

        CHARLES E. ATCHLEY, JR.
        ATTORNEY FOR THE UNITED STATES
        ACTING UNDER AUTHORITY
        CONFERRED BY 28 U.S.C. § 515

By:   *s/ Francis M. Hamilton III*
       Francis M. Hamilton III
       Tennessee BPR No. 019096
       Trey.Hamilton@usdoj.gov

       David P. Lewen, Jr.
       Alabama State Bar No. 2658I68L
       David.Lewen@usdoj.gov

       Assistant United States Attorneys
       800 Market Street, Suite 211
       Knoxville, Tennessee  37902
       (865) 545-4167