IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CR-20 |
| ) | JUDGES COLLIER/GUYTON |
| SCOTT WOMBOLD ) | |
| ) | |
| Defendant. | |

## MOTION TO AMEND CONDITIONS OF RELEASE
## AND RETURN PAYMENT OF FINE

On February 15, 2018, Mr. Wombold was acquitted by the jury of six of the seven charges he faced and convicted of one count of wire fraud. Shortly after sentencing, on November 2, 2018, Mr. Wombold paid the $75,000 fine imposed by the Court.[1] On October 14, 2020, the United States Court of Appeals for the Sixth Circuit reversed Mr. Wombold's sole count of conviction and remanded the matter for a new trial. As a result, Mr. Wombold respectfully requests that the Court amend Mr. Wombold's supervised conditions of release, which this Court set (with the Government's consent) on February 9, 2016, shortly after the grand jury returned its indictment. Dkt. No. 25. Mr. Wombold also asks that the Court direct the Clerk to return the payment of his fine and special assessment, plus any applicable interest.

Specifically, Mr. Wombold asks the Court to amend the conditions of release to (i) permit Mr. Wombold to travel within the contiguous United States without restriction or monitoring, and (ii) with the exception of the travel restrictions, reinstate all other pretrial release conditions as

---

[1] *See* Receipt No. K3036700. Mr. Wombold also paid a $100 special assessment on October 4, 2018. *See* Receipt No. C1016029. Mr. Wombold seeks the return of both payments for a total of $75,100, plus interest.

articulated in the Court's February 9, 2016 Order Setting Conditions of Release ("Pretrial Release Conditions"). Dkt. No. 25. Further, Mr. Wombold seeks the return of the $75,000 fine and $100 special assessment (including any applicable interest) that Mr. Wombold remitted to the United States as part of his Judgment of Conviction on the one count that has been reversed. Dkt. No. 743.

Mr. Wombold has been the subject of release conditions for nearly five years. During this time, Mr. Wombold has complied fully with the stringent conditions of his release. Mr. Wombold has had no violations or other issues while subject to these conditions. Further, at this time, Mr. Wombold's conviction on one of the seven counts with which he was charged has been vacated—meaning that he is once again presumed innocent of the sole remaining count in the indictment. Accordingly, we request the Court reconsider and amend the conditions of Mr. Wombold's release.

I. Facts

In February 2016, Mr. Wombold was indicted on charges relating to his alleged participation in a fraudulent scheme to defraud Pilot customers. Shortly thereafter, on February 9, 2016, the Court issued Mr. Wombold's Pretrial Release Conditions. Dkt. No. 25. Among other things, the Pretrial Release Conditions provide that Mr. Wombold's "[t]ravel is restricted to the Eastern District of Tennessee and the Middle District of Tennessee, unless business travel and defendant provides timely notice to the United States Probation Officer prior to leaving and upon return." *Id.* at 2. The conditions also provide that Mr. Wombold submit to the supervision of the U.S. Probation Office, surrender his passport, continue to actively seek employment, not possess a firearm, and not drink alcohol excessively. *Id.*

Following a lengthy trial, on February 15, 2018, the jury returned verdicts on all counts as to Mr. Wombold and his three co-defendants. Dkt. No. 484. Mr. Wombold was convicted on only one of the seven counts with which he was charged. *Id.* Specifically, he was convicted on Count Two (charging wire fraud in violation of 18 U.S.C. § 1343). He was acquitted on Count One (charging conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349), Counts Three and Four (each charging wire fraud in violation of 18 U.S.C. § 1343), and Counts Eleven, Twelve, and Thirteen (each charging false statements to agents of the Federal Bureau of Investigation and Internal Revenue Service-Criminal Investigation in violation of 18 U.S.C. § 1001). *Id.*

On October 4, 2018, after a two-day sentencing hearing, Mr. Wombold was sentenced to 72 months' imprisonment and a $75,000 fine. Dkt. No. 728. During the hearing, the Court denied Mr. Wombold's request for release pending appeal. Dkt. No. 741 at 129:18-22. A timely notice of appeal was filed on October 18, 2018, and Mr. Wombold's Judgment of Conviction was entered the same day. Dkt. Nos. 742, 743. On October 25, 2018, a motion for release pending appeal was filed with the Sixth Circuit Court of Appeals, and on December 21, 2018, the Court of Appeals granted Mr. Wombold's motion. Dkt. No. 29-2. Since that time, Mr. Wombold has been subject to essentially the same conditions as the Pretrial Release Conditions. On October 14, 2020, the Sixth Circuit reversed Mr. Wombold's conviction (along with Mr. Hazelwood's and Ms. Jones's)[2] and remanded the case for a new trial.

II. <u>Argument</u>

The Bail Reform Act of 1984 requires the pretrial release of a defendant pending trial. 18 U.S.C. § 3142(b). The Bail Reform Act's "default position . . . is that a defendant should be

---

[2] Karen Mann, a regional account representative, was jointly tried with the defendants and acquitted.

released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). When considering whether pretrial release is appropriate and what conditions of release will reasonably assure the appearance of the defendant and the safety of the community, the Court must consider: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence; (iii) the history and character of the defendant; and (iv) the seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142. In Mr. Wombold's case, these factors weigh heavily in favor of not only continuing his release pending his new trial but for an easing of the Pretrial Release Conditions.

    A. <u>The Charged Offense Does Not Carry The Presumption of Flight</u>.

The nature and circumstances of the charged offense weigh in favor of imposing the least restrictive conditions of release. The sole remaining charge against Mr. Wombold is not an offense that the Bail Reform Act identifies as involving a heightened risk of nonappearance or danger to the community (e.g. crime of violence, terrorism, crime involving a minor or a controlled substance, firearm, explosive or destructive device). 18 U.S.C. § 3142(g)(1). Mr. Wombold's single count of wire fraud is economic in nature and provides no presumption or indication that Mr. Wombold poses a risk of flight or danger to the community. *See e.g.*, *United States v. Israel*, No. 17-cv-20366, 2017 WL 3084374, at *4 (E.D. Mich. July 20, 2017) (granting defendant's motion for bond in part because his charges were "entirely economic in nature"). There is no indication that Mr. Wombold is seeking to flee the District or poses a safety risk to the community. During the past five years, Mr. Wombold engaged in no such behavior and, in fact, appeared for his trial in late 2017 and early 2018. Additionally, now that Mr. Wombold faces only one of the seven counts for which he was charged and which was reversed on appeal, Mr. Wombold has every incentive to return for trial and maintain his innocence.

4

B. <u>The Government's Case Against Mr. Wombold Is Substantially Weakened</u>.

Courts also evaluate the quantity and quality of the evidence in determining whether a defendant's pretrial release and the conditions of that release are reasonably tailored to assure the defendant appears as he is required and does not pose a threat to the community. *See e.g.*, *United States v. Hazime*, 762 F.3d 34, 37 (6th Cir. 1985) (assessing government's evidence to determine whether "there are conditions which will assure the appearance of the accused and safety of the community"); *Israel*, 2017 WL 3084374 at *4-5; *Stone*, 608 F.3d at 948-50.

Following a lengthy trial, an acquittal on six of the seven charges Mr. Wombold faced, and a reversal and remand by the Sixth Circuit on the remaining count, Mr. Wombold now faces a case that is considerably more limited in scope. Mr. Wombold's singular charged offense of wire fraud implicates a single victim and no loss or, at most, a loss of $7,023. Dkt. No. 195. The case against Mr. Wombold is substantially different than when it was initially charged, and it places Mr. Wombold in a markedly improved position compared to what he faced at the outset of this matter. Importantly, in its opinion reversing and remanding this matter to the trial court, the Sixth Circuit held that the "government's evidence was not ironclad" and the split verdict indicated the "evidence was not overwhelming." *United States v. Wombold*, No. 18-1602, Oct. 14, 2020, Dkt. No. 953, at 20-21. The quantity and quality of the Government's evidence against Mr. Wombold is thin—as reflected in the acquittal by the jury on almost every count he faced, as well as the Sixth Circuit's finding that the evidentiary error at trial was not harmless. It is therefore highly unlikely that facing a new trial, Mr. Wombold would pose a flight risk or danger to the community.

C. <u>Mr. Wombold's History, Character, Family Ties, and Prior Compliance with Court Orders Demonstrate He Is Not A Flight Risk, Nor Does He Pose A Risk To Community Safety</u>.

In determining whether Mr. Wombold's conditions of release will reasonably assure his appearance and the safety of those in the community, the Court may also look to the defendant's history and characteristics, including whether he has complied with prior court orders. *Israel*, 2017 WL 3084374, at *4-5. In addition, the Court may consider Mr. Wombold's character, family ties, community ties, financial resources, past conduct, and criminal history. 18 U.S.C. § 3142(g)(3)(A).

The Government has previously conceded that Mr. Wombold was not likely to flee and did not pose a danger to the community.[3] Dkt. No. 741. The Sixth Circuit relied upon this concession in finding that Mr. Wombold should be released pending his appeal. *United States v. Wombold*, No. 18-1602, Oct. 14, 2020, Dkt. No. 953, at 20-21. Mr. Wombold has fully complied with the stringent conditions of his release for more than four years. He regularly reports to his probation officer and has had no infractions or other issues. In fact, Mr. Wombold has proactively reached out to his probation officer in some instances to provide updates or ask questions about the terms of his release. Finally, Mr. Wombold paid in full the $75,100 fine and special assessment less than one month after his sentencing. Mr. Wombold is by all accounts an exemplary defendant and poses no risk of flight or danger to the community.

---

[3] The Government has stated that it defers to the discretion of the Court and U.S. Probation and Pretrial Services regarding the amendment of Mr. Wombold's terms of release. Additionally, the Government has advised it is unable to take a position regarding the return of Mr. Wombold's fine payment until the Solicitor General determines whether the United States will seek rehearing en banc of the Sixth Circuit's October 14, 2020 opinion.

III. Conclusion

Mr. Wombold has complied with the letter of the Pretrial Release Conditions for more than four years with no reported issues whatsoever. He has demonstrated his reliability and proven his respect for the terms of his release. In addition to his exemplary behavior and compliance during those four-plus years, Mr. Wombold's circumstances have changed dramatically from the commencement of the Government's case. Upon the Sixth Circuit's reversal and remand for a new trial, Mr. Wombold now faces only one of the seven original charges.[4]

Mr. Wombold would like to travel freely outside the area of Middle and East Tennessee (while remaining within the contiguous United States) to visit friends and family, and to otherwise exercise the liberty that is consistent with his presumed innocence. He has proven that he can be trusted to do so without fear that he will abscond before trial or pose a threat to the safety of the communities he may choose to visit.

**WHEREFORE,** Mr. Wombold respectfully requests that the Court amend the terms of his conditions of release such that (i) he may travel within the 48 contiguous states without restriction or monitoring, and (ii) all other pretrial release conditions be reinstated to the extent they have not been already. Mr. Wombold also requests the return of any and all portions of the $75,000 fine

---

[4] The Government received an extension until November 30, 2020, to enable the Solicitor General to determine whether the Government will seek rehearing of the appeal en banc. That determination should not affect the Court's consideration of this Motion. Even if the Government files a petition for rehearing en banc, it stands little chance of succeeding. The panel's decision involved a straightforward application of the Federal Rules of Evidence, which even the dissenting judge twice referred to as a "close call." *United States v. Wombold*, No. 18-6102, 2020 WL 6336133, *18, *20 (6th Cir. Oct. 29, 2020). This case does not even come close to meeting the criteria for rehearing en banc. *See* Fed. R. App. P. 35(b)(1). Mr. Wombold's demonstrated history of compliance with the Pretrial Release Conditions and his regained presumption of innocence on substantially less serious charges should override the Government's interest in delaying the inevitable by (potentially) seeking rehearing en banc.

and the $100 special assessment (including any applicable interest) that he paid to the United States as required by his Judgment.

Dated: November 2, 2020

Respectfully Submitted,

*/s/ John E. Kelly, Jr.*
John E. Kelly, Jr.
BASS BERRY & SIMS PLC
1201 Pennsylvania Avenue NW
Suite 300
Washington, DC 20004
Telephone (202) 827-2950
Facsimile (202) 478-0400
jkelly@bassberry.com
*\*Admitted pro hac vice*

*Attorney for Defendant Scott Wombold*