IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>MARK HAZELWOOD et al.,<br>Defendant | )<br>)<br>)<br>)    No. 3:16-CR-20<br>)    (Collier/Guyton)<br>)<br>)<br>) |

## SUPPLEMENTAL MOTION TO RESET TERMS OF RELEASE

Mark Hazelwood, through counsel, respectfully requests that the Court restore the pretrial conditions of release, which this Court set (with the government's consent) on February 9, 2016 today. Specifically, we request that the Court (a) free Mr. Hazelwood of location restriction and monitoring; (b) remove the property bond on his residence; and (c) return him to his pretrial travel conditions.

Mr. Hazelwood previously filed a Motion to Reset Terms of Release on October 17, 2020 (ECF No. 954) (the "October 17 Motion") after the Sixth Circuit reversed his conviction. That motion is still pending. Thereafter, the government filed a reply (ECF No. 955) on October 30, 2020, that temporarily opposed Mr. Hazelwood's October 17 Motion. The government acknowledged that the Sixth Circuit's reversal "vitiate[s] the rationale supporting Hazelwood's home confinement . . ." but asks for that term—home confinement—to remain in place while it engages in a "deliberative process" concerning whether to seek appeal. The government then filed a petition for rehearing with the Sixth Circuit. This morning the Sixth Circuit denied the government's petition for rehearing making final the Sixth Circuit's reversal of Mr. Hazelwood's convictions, and "the government does not object to the entry of an order returning [Mr.] Hazelwood to his previously ordered pretrial conditions of release."

Given that Mr. Hazelwood's conviction has now been vacated and he is again presumed innocent, the bail conditions that were initially imposed upon Mr. Hazelwood in February 2016 (and with which he was entirely compliant) should be reimposed immediately.

As previously noted, Mr. Hazelwood has unblemished track record of—not mere compliance with—scrupulous and careful cooperation with Pretrial Services. Mr. Hazelwood has earned the trust of the Pretrial Services officers, and the facts surrounding his compliance over such a long period should weigh heavily toward restoration.

Counsel for the government have advised that in light of the Sixth Circuit's Order denying the petition for rehearing, the government does not object to the entry of an order returning Defendant Hazelwood to his previously ordered pretrial conditions of release, and otherwise defers to the discretion of the Court.

We respectfully ask the Court, based on our previous filings, the principles of fairness, supporting precedent, and now, the consent of the government to grant our Motion to Restore Conditions of Release (ECF No. 954) and restore Mr. Hazelwood to his pre-conviction terms of release today.

**DATED**: Knoxville, Tennessee
December 30, 2020

Respectfully submitted,

s/ Bradley L. Henry_____
Bradley L. Henry (TN Bar No. 025447)
MICHELMAN & ROBINSON LLP
800 3rd Avenue
24 Floor
New York, NY 10022
(212) 730-7700
bhenry@mrllp.com

s/ Jim Walden _____
Walden Macht & Haran

2

One Battery Park Plaza
New York, New York 10004
(212) 335-2031
jwalden@wmhlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that, on December 30, 2020, a true and correct copy of the foregoing document was filed on CM/ECF with the U.S. District Court for the Eastern District of Tennessee. Notice of this filing was served on all CM/ECF parties.

               /s/ Bradley L. Henry