UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 3:16-CR-20 |
| v. | ) | |
| | ) | Judge Collier |
| MARK HAZELWOOD | ) | |

## MEMORANDUM & ORDER

Before the Court is an October 17, 2020, motion by Defendant Mark Hazelwood to modify the terms of his release following the reversal of his conviction by the Court of Appeals for the Sixth Circuit. (Doc. 954.) Defendant argues it is appropriate to reimpose the original, less restrictive conditions of pretrial release (Doc. 15) in light of the restoration of the presumption of his innocence and his long history of compliance with all terms of both his pretrial release and his post-conviction release with the condition of home confinement. (Doc. 954.) Defendant further asks for the removal of the property bond on his residence. (*Id.*)

The United States (the "Government") responded on October 30, 2020. (Doc. 955.) The Government represented that it was deciding whether to seek a rehearing *en banc* of the appellate decision. (*Id.*) Because of the role of the Solicitor General in making that decision, the Government had sought and received from the Court of Appeals an extension of its deadline to move for rehearing through November 30, 2020. (*Id.*) The Government asked the Court to continue Defendant's current conditions of release through the resolution of any petition for rehearing, if the Government decides to pursue rehearing. (*Id.*) The Government agreed with Defendant, however, that if the Government does not pursue or receive a rehearing, the decision of the Court of Appeals "would vitiate the rationale supporting [Defendant's] home confinement, namely the incentive to flee arising from an imposition of a sentence of incarceration." (*Id.* at 2.)

Defendant replied on November 2, 2020. (Doc. 956.) He argued the Government's chance of obtaining *en banc* review was low, the doctrine disentitling fugitives from continuing their appeals was a strong deterrent to flight, and Defendant's history of cooperation with his release terms under these circumstances made restoration of his previous bond terms appropriate. (*Id.*)

On December 30, 2020, the Court of Appeals denied the Government's petition for panel rehearing. (Doc. 979.) On the same day, Defendant filed a supplement to his motion in light of the denial, representing that the Government does not object to the restoration of Defendant's previously ordered conditions of pretrial release. (Doc. 976.) The mandate issued on January 7, 2021. (Doc. 982.)

For good cause shown, the motion (Doc. 954) is **GRANTED**. The conditions of release set out in the Court's Order of February 9, 2016 (Doc. 15) are **REIMPOSED**. The matter is **REFERRED** to United States Magistrate Judge H. Bruce Guyton, pursuant to 28 U.S.C. § 636(b)(1), to determine whether a hearing is necessary and to conduct any hearings and take any actions he may deem appropriate under 28 U.S.C. § 636(b)(1) regarding Defendant's conditions of release and the property bond on Defendant's residence.

**SO ORDERED.**

**ENTER:**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**