UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 3:16-CR-20 |
| ) | |
| MARK HAZELWOOD, ) | Judge Collier |
| SCOTT WOMBOLD, and ) | |
| HEATHER JONES ) | |

**GOVERNMENT'S MOTION FOR LEAVE OF COURT TO DISMISS
INDICTMENT'S REMAINING CHARGES PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 48(a)**

Pursuant to Federal Rule of Criminal Procedure 48(a), the government seeks leave of Court to dismiss the remaining charges in the Amended Superseding Indictment, (Doc. 182), related to Defendants Mark Hazelwood (Counts 1, 8, and 14), Scott Wombold (Count 2), and Heather Jones (Count 1). Rule 48(a) provides that the "government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). In *United States v. Fokker Services B.V.*, 818 F.3d 733 (D.C. Cir. 2016), the court of appeals explained the limited meaning of Rule 48(a)'s "leave of court" requirement:

> [D]ecisions to dismiss pending criminal charges—no less than decisions to initiate charges and to identify which charges to bring—lie squarely within the ken of prosecutorial discretion. *See e.g., Newman [v. United States],* 382 F.2d [479], 480 (D.C. Cir. 1967). To that end, the Supreme Court has declined to construe Rule 48(a)'s "leave of court" requirement to confer any substantial role for courts in the determination whether to dismiss charges. Rather, the "principal object of the 'leave of court' requirement" has been understood to be a narrow one—"to protect a defendant against prosecutorial harassment ... when the [g]overnment moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). A court thus reviews the prosecution's motion under Rule 48(a) primarily to guard against the prospect that dismissal is part of a scheme of "prosecutorial harassment" of the defendant through repeated efforts to bring—and then dismiss—charges. *Id.* So understood, the "leave of court" authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a

1

> disagreement with the prosecution's exercise of charging authority. For instance, a court cannot deny leave of court because of a view that the defendant should stand trial notwithstanding the prosecution's desire to dismiss the charges, or a view that any remaining charges fail adequately to redress the gravity of the defendant's alleged conduct. *See In re United States,* 345 F.3d 450, 453 (7th Cir. 2003). The authority to make such determinations remains with the Executive.

*Id*. at 741; *see also United States v. Stapleton*, 297 F. App'x 413, 431 (6th Cir. 2008) ("The primary purpose of [the] Rule 48(a) [leave-of-court requirement] is the "protection of the defendant's rights ... 'to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy.'") (citations omitted)

The government makes this motion based on a combination of factors that include 1) the personal circumstances of certain government cooperators; 2) the decade-old age of the circumstances upon which the case is based combined with the challenge of presenting those facts and circumstances through cooperators who have completed their sentences, some of whom, it has been proffered to the government by defense counsel, have made statements since sentencing that would negatively affect the credibility of their testimony in a retrial and also suggest an inclination to withhold further assistance to the government; and 3) limited government resources.

The Sixth Circuit reversed Defendants Hazelwood's, Wombold's, and Jones's convictions due to the erroneous admission of Government Exhibits 529, 530, and 531. *United States v. Hazelwood*, 979 F.3d 398, 415 (6th Cir. 2020). Contrary to the government's position, the court of appeals declined to find harmless error, finding that the government's case was "not ironclad" and the evidence was "not overwhelming" due to various defenses that, according to the panel, likely prompted the jury's split verdict that included numerous acquittals. *Id*. ("There is also the split verdict as to all three defendants… [that] shows that the evidence was not

2

overwhelming. Wombold was convicted on only one count of seven charged. Jones was acquitted of four counts of wire fraud yet convicted on the conspiracy count.")

The government has determined that a retrial in this case will require the testimony of a cooperator whose personal circumstances[1] (1) cause the government to conclude that it would be inappropriate to compel her testimony and (2), in any event, prevent the government from being confident in the reliability of that witness' recollection of significant facts and circumstances. That situation in conjunction with the fact that the government's case concerns facts and circumstances that occurred nearly a decade or more ago that can only be presented by overcoming the challenges posed by obtaining continued assistance from cooperators who have completed their sentences, some of whom reportedly have made statements since sentencing that would negatively impact the credibility of their testimony in a retrial, combined with the government's experience with the challenges of the first trial, further combined with the government's resource constraints, force the government's conclusion that it now faces significant obstacles in proving its case against these defendants beyond a reasonable doubt in a retrial.

Thus, the government seeks leave of Court, pursuant to Rule 48(a), to dismiss the remaining charges against defendants Hazelwood, Wombold, and Jones in the Amended Superseding Indictment. The government seeks this leave in good faith, that is with no intention of engaging in a "prosecutorial harassment" scheme through a pattern of dismissal and recharging. In that vein, the government consents to dismissal with prejudice. Accordingly, the

---

[1] Information related to the personal circumstances of this cooperating witness is available to the Court under seal. *See* Doc. 965 (sealed). The government also notes that another significant cooperator has personal circumstances that cause the government concern in planning for that witness' availability at retrial as well.

Court should grant the leave requested by the government pursuant to Rule 48(a) and dismiss the remaining charges against Defendants Hazelwood, Womold, and Jones in the Amended Superseding Indictment. It is the government's understanding that counsel for all defendants consent to the dismissal of the remaining charges in the indictment.

> Respectfully submitted,
>
> FRANCIS M. HAMILTON III
> ACTING UNITED STATES ATTORNEY
>
> By: */s/ Francis M. Hamilton III*
> Francis M. Hamilton III, TN Bar #019096
> United States Attorney's Office
> Eastern District of Tennessee
> 800 Market Street, Suite 211
> Knoxville, Tennessee 37902
> (865) 545-4167